UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION
CIVIL ACTION NUMBER _____

| | |
|---|---|
| ADAM BISHOP, an individual,<br><br>Plaintiff,<br><br>- against -<br><br>ATHENS-CLARKE COUNTY UNIFIED GOVERNMENT; DOES 1-2,<br><br>Defendants. | **PLAINTIFF'S VERIFIED COMPLAINT**<br><br>**JURY TRIAL REQUESTED**<br><br>CIVIL RIGHTS ACTION<br>42 U.S.C. § 1983<br><br>DECLARATORY RELIEF, INJUNCTIVE RELIEF, AND DAMAGES |

## PLAINTIFF'S VERIFIED COMPLAINT

COMES NOW the Plaintiff, ADAM BISHOP, an individual (hereinafter "Plaintiff"), by and through his counsel, and as this cause of action against the Defendants herein, avers as follows:

## INTRODUCTION

1.      Plaintiff brings this action seeking declaratory and injunctive relief and damages to redress deprivations by Defendants, ATHENS-CLARKE COUNTY UNIFIED GOVERNMENT (the "County"), and DOES 1-2 (collectively "Defendants").

2.      This action challenges Section 6-5-23 of the Athens-Clarke County, Georgia Code of Ordinances (the "Picketing and Demonstrations Ordinance") as written (facial challenge).

3.      This action challenges the interpretation and enforcement (as-applied challenge) of Chapter 6.5 of the Athens-Clarke County, Georgia Code of Ordinances (the "Special Events Ordinance").

## PARTIES

4.      Plaintiff, ADAM BISHOP, is an adult citizen and resident of Georgia and brings this action in his personal capacity.

5.      Defendant, ATHENS-CLARKE COUNTY UNIFIED GOVERNMENT, is a body politic and corporate located within the State of Georgia and has the ability to sue and be sued. The County has the right, power, privilege, and authority to enforce the Picketing and Demonstrations Ordinance and the Special Events Ordinance within the County. The County has the right, power, privilege, and authority to train (or fail to properly train) its officers, agents, and employees to interpret, enforce, and apply the Picketing and Demonstrations Ordinance, the Special Events Ordinance, and other regulations, and to do and perform all of the acts pertaining to its local affairs. At all material times, the County acted toward Plaintiff under color of the statutes, ordinances, customs, and usage of the County. The County knew, or should have known, of the unlawful enforcement of the Picketing and Demonstrations Ordinance and the Special Events Ordinance alleged herein, and had the power and authority to remedy the unlawful interpretation, enforcement, and application, but failed to do so.

6.      Defendants, DOES 1-2 (hereinafter "DOES" or "Defendant" or "Defendants"), were at all relevant times employed as agents and/or employees of the County's Police Department. Plaintiff is unaware of the true names of Defendants DOES 1 and 2 and therefore sues said Defendants by such fictitious names. Plaintiff will seek leave to amend this Complaint to allege their true names and thereon allege that each of the fictitiously-named Defendants are responsible for the occurrences herein alleged, and that Plaintiff's damages, as herein alleged, were caused by their conduct. DOES 1-2 enforced the Picketing and Demonstrations Ordinance

2

and the Special Events Ordinance under color of state law and/or were acting as agents and/or employees of the County.

## JURISDICTION AND VENUE

7.      Plaintiff brings this action seeking injunctive relief and nominal and/or compensatory and/or special and/or exemplary damages to redress deprivations by Defendants, acting under color of state law, of certain rights secured to Plaintiff and others as alleged herein under the United States Constitution as brought pursuant to 42 U.S.C. § 1983.

8.      Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1343(a)(3) and 1343(a)(4), which provide for original jurisdiction in this Court of all suits brought pursuant to 42 U.S.C. § 1983.

9.      Jurisdiction is also conferred on this Court by 28 U.S.C. § 1331 because the cause of action arises under the Constitution and laws of the United States.

10.      This Court is authorized to grant Declaratory Judgment under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, implemented through Rule 57 of the Federal Rules of Civil Procedure, and to issue the Preliminary and Permanent Injunctive relief requested by Plaintiff under Rule 65 of the Federal Rules of Civil Procedure.

11.      This Court is authorized to grant Plaintiff's prayer for relief and to award Plaintiff's costs in this action for violations of Plaintiff's constitutional rights, including a reasonable attorney's fee and costs pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1988, Rule 54, and 28 U.S.C. § 1920.

12.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Defendants reside and/or do business in the Middle District of Georgia and may be found and served in the Middle District of Georgia.

13.     Venue is proper in the Middle District of Georgia as all of the events giving rise to the claims herein occurred in this District.

## FACTS

14.     Plaintiff is an individual acting to spread awareness of his views regarding religious, political, and social topics.

15.     Among Plaintiff's purposes is the belief in a mandate to exercise his rights to the freedom of speech and to further his religious, political, and social beliefs.

16.     Plaintiff brings this action to vindicate and protect his rights to the freedom of speech and the free exercise of religion in the County by ensuring that Defendants are restrained from acting prospectively in violation of those rights.

17.     The public parks, public streets, public sidewalks, and public rights-of-way within the jurisdiction of the County ("Public Spaces") are traditional public fora.

18.     Plaintiff, citizens, and members of the public utilize the Public Spaces for various activities, including communication and the exchange of ideas.

### The County Adopts the Picketing and Demonstrations Ordinance

19.     The County adopted the Picketing and Demonstrations Ordinance.

20.     The Picketing and Demonstrations Ordinance states:

Any person, group or organization engaged in any picketing, demonstrations, assembly, gathering, procession or other activity protected by the U.S. Constitution shall be prohibited from blocking the ingress and egress of any public or private place. Any person, group or organization engaged in such activities is required to make application as set forth in section 6-5-3(a). However,

any such person, group or organization shall be exempt from the permit requirement in section 6-5-2 and the fees set forth in section 6-5-3(c) and section 6-5-9.

## The County Adopts the Special Events Ordinance

21.     The County adopted the Special Events Ordinance.

22.     The Special Events Ordinance provides, at Section 6-5-1:

Special event: The term 'special event' or 'event' shall mean any organized activity having as its primary purpose entertainment, recreation and/or education which provides a substantial public and community benefit, such as a festival, celebration, foot or vehicle race, parade, march, rally or assembly, which takes place in whole or in part on a public street, sidewalk or right-of-way, or any organized activity that occurs on private property and impacts government services on public rights-of-way.

23.     The Code provides, at Section 6-5-3(a):

A producer of a special event shall make application for a permit for such event at the office of the manager on a form prescribed by the manager. Application forms may be obtained from the office of the manager, the office of the clerk of commission, and the police department.

## Plaintiff's Planned Activities

24.     Plaintiff has shared his religious, political, and social speech with people in the County.

25.     Plaintiff's message is one of hope and salvation that Christianity offers.

26.     Plaintiff has not harassed, encouraged violence, or expressed himself in any way other than in a peaceful manner.

27.     Plaintiff desires to continue his peaceful activities without being unlawfully arrested, incarcerated, or cited.

28.     Plaintiff shares his faith in various ways.

29.     Plaintiff distributes free literature and carries portable signs.

30.      Plaintiff records public events for commentary and distribution.

31.      Plaintiff engages others in respectful, one-on-one discussions about Jesus Christ and the Christian faith.

32.      Plaintiff has a religious mandate to go to Public Spaces in the County to peacefully share his message.

33.      On upcoming days – including but not limited to days in November 2019 through December 2023 – Plaintiff has concrete plans to engage in his constitutionally-protected activities by peacefully expressing religious, political, and social speech on the public sidewalks, at public parks, and in other Public Spaces in the County. Specific events Plaintiff would like to attend to engage in his constitutionally-protected activities include, but are not limited to:

> Downtown Parade of Lights 12/5/19
> Athens Hip Hop Awards 3/29/20
> International Street Festival 4/11/20
> Twilight Criterium 4/24/20 - 4/25/20
> Human Rights Festival 5/2/20 - 5/3/20
> Hot Corner Festival 6/12/20 - 6/13/20
> Athfest 6/26/20 - 6/28/20
> Athens Pride Fest 9/27/20

34.      As a direct and proximate result of Defendants' prior enforcement of the Picketing and Demonstrations Ordinance and the Special Events Ordinance, Plaintiff is forfeiting his constitutionally-protected activities due to fear of arrest, incarceration, and/or fines.

### **Defendants Apply the Policy and the Code Against Plaintiff**

35.      On September 29, 2019, the Athens Pride Festival was conducted on public streets and sidewalks in the County.

6

36.     The organizers of the Athens Pride Festival had obtained a permit pursuant to the Policy and the Code to conduct the Athens Pride Festival on September 29, 2019 on public streets and sidewalks.

37.     On September 29, 2019, the Athens Pride Festival did not require the general public to purchase tickets to enter the festival area.

38.     On September 29, 2019, the general public was not restricted or limited from using the County's sidewalks and streets in the festival area, during the Athens Pride Festival.

39.     On September 29, 2019, the County interpreted and enforced the Picketing and Demonstrations Ordinance and the Special Events Ordinance by granting the Athens Pride Festival organizers proprietary control over speech on some parts of the County's sidewalks and streets in the festival area, during the Athens Pride Festival.

40.     On September 29, 2019, the County allowed the general public, the Athens Pride Festival organizers, and vendors to express messages on the County's sidewalks and streets in the festival area, in the same area Plaintiff was banned from expressing his message, during the Athens Pride Festival.

41.     On September 29, 2019, Plaintiff was peacefully sharing his religious, political, and social message on the County's sidewalks and streets in the festival area during the Athens Pride Festival.

42.     On September 29, 2019, the County's DOE Officer told Plaintiff that "this is a paid-for private venue; they have the right to allow people in and out."

43.     On September 29, 2019, the County's DOE Officer told Plaintiff that outside the gate was open to the public.

44.     On September 29, 2019, the County's DOE Officer told Plaintiff: "Yeah, you can go right out there and preach, but when it's a private venue if they ask for us to ask you to leave, we can, they have the freedom. They paid for all of this and they have the freedom to ask us to do that."

45.     On September 29, 2019, the County's DOE Officer told Plaintiff "it is a private venue now. They've asked you to go."

46.     On September 29, 2019, the County's DOE Officer told Plaintiff "you can report and say this is an infringement on your rights all you want, I don't care."

47.     On September 29, 2019, the County's DOE Officer told Plaintiff "I am now telling you to go."

48.     On September 29, 2019, the County's DOE Officer told Plaintiff "if you don't leave you will be arrested."

49.     On September 29, 2019, the County's DOE Officer told Plaintiff if he did not leave he would be arrested for trespass.

50.     On September 29, 2019, the County's DOE Officer told Plaintiff that he could preach outside the barricade "as long as I don't hear you."

**The County's Policy, Practice, and Custom of Failing to Train Related to Constitutional Freedoms and Interpreting, Enforcing, and Applying the Picketing and Demonstrations Ordinance and the Special Events Ordinance**

51.     The County has a policy, practice, and custom of training the County's officers, agents, and employees in the Athens-Clarke County Police Department that has resulted in Plaintiff having to forfeit constitutional freedoms and being threatened with arrest pursuant to the Picketing and Demonstrations Ordinance and the Special Events Ordinance.

8

52.     The County's policy, practice, and custom of training the County's officers, agents, and employees in the Athens-Clarke County Police Department failed to adequately inform of constitutional standards and did not properly regulate the discretion used by the County's officers, agents, and employees in the Athens-Clarke County Police Department when interpreting, enforcing, and applying the Picketing and Demonstrations Ordinance and the Special Events Ordinance, and as a direct consequence, resulted in Plaintiff having to forfeit constitutional freedoms and being threatened with arrest pursuant to the Picketing and Demonstrations Ordinance and the Special Events Ordinance.

53.     The County's failure to adequately inform of constitutional standards and properly regulate the discretion used by the County's officers, agents, and employees in the Athens-Clarke County Police Department when interpreting, enforcing, and applying the Picketing and Demonstrations Ordinance and the Special Events Ordinance, and otherwise failing to protect Plaintiff's constitutional rights, existed by virtue of the County's failure to train, supervise, and discipline the County's officers, agents, and employees in the Athens-Clarke County Police Department.

54.     Policymakers in the County and the Athens-Clarke County Police Department were on actual or constructive notice of, but deliberately indifferent to, the County's unconstitutional policies, practices, and customs adopted and approved by the County to train its officers, agents, and employees for interpreting, enforcing, and applying the Picketing and Demonstrations Ordinance and the Special Events Ordinance and otherwise failing to protect Plaintiff's constitutional rights.

55.     The County's unconstitutional policies, practices, and customs adopted and approved by the County to train its officers, agents, and employees for interpreting, enforcing,

9

and applying the Picketing and Demonstrations Ordinance and the Special Events Ordinance and otherwise failing to protect Plaintiff's constitutional rights would not have persisted if the County and the County's officers, agents, and employees in the Athens-Clarke County Police Department had not been so indifferent to protecting constitutional freedoms.

56.   As a direct and proximate consequence of the County's unconstitutional policies, practices, and customs adopted and approved by the County to train its officers, agents, and employees for interpreting, enforcing, and applying the Picketing and Demonstrations Ordinance and the Special Events Ordinance and otherwise failing to protect Plaintiff's constitutional rights, Plaintiff was forced to cease the exercise of his constitutional rights on a public sidewalk under threat of arrest.

57.   The Athens-Clarke County Police Department's failure to protect Plaintiff's constitutional rights, and the unconstitutional threat of arrest of Plaintiff pursuant to the Picketing and Demonstrations Ordinance and the Special Events Ordinance, were known, or should have been known, to members of the Athens-Clarke County Police Department, including those in the County's hierarchy supervising and training the County's officers, agents, and employees in the Athens-Clarke County Police Department who are responsible for training, supervising, monitoring, and disciplining the County's officers, agents, and employees in the Athens-Clarke County Police Department.

58.   The County's failure to adequately inform of constitutional standards and properly regulate the discretion used by the County's officers, agents, and employees in the Athens-Clarke County Police Department when interpreting, enforcing, and applying the Picketing and Demonstrations Ordinance and the Special Events Ordinance, and otherwise failing to protect Plaintiff's constitutional rights, was at a minimum recklessly indifferent to the

pattern of misconduct by the County's officers, agents, and employees in the Athens-Clarke County Police Department directly resulting in the violation of Plaintiff's constitutional rights.

59.     The County has a policy, practice, and custom of failing to properly train the County's officers, agents, and employees in the Athens-Clarke County Police Department that has resulted in repeated occasions where others have engaged in behavior that should require enforcement of the Picketing and Demonstrations Ordinance and the Special Events Ordinance, but due to the County's failures, Plaintiff has forfeited constitutional freedoms, and was forced to cease exercising his constitutional rights under threat of arrest pursuant to the Picketing and Demonstrations Ordinance and the Special Events Ordinance.

## GENERAL ALLEGATIONS

60.     As a direct and proximate result of the enforcement of the Picketing and Demonstrations Ordinance and the Special Events Ordinance on September 29, 2019, Plaintiff was unconstitutionally denied the right to exercise his freedom of speech.

61.     As a direct and proximate result of the enforcement of the Picketing and Demonstrations Ordinance and the Special Events Ordinance on September 29, 2019, Plaintiff was unconstitutionally denied the right to the free exercise of his religion.

62.     As a direct and proximate result of the enforcement of the Picketing and Demonstrations Ordinance and the Special Events Ordinance on September 29, 2019, Plaintiff was threatened with arrest.

63.     The enforcement of the Picketing and Demonstrations Ordinance and the Special Events Ordinance and the County's officers', agents', and employees' actions under color of state law on September 29, 2019, have deprived, and continue to deprive, Plaintiff of his constitutional rights.

64.     As a direct and proximate result of the enforcement of the Picketing and
Demonstrations Ordinance and the Special Events Ordinance on September 29, 2019, and the
County's officers', agents', and employees' actions under color of state law, Plaintiff fears future
arrest and incarceration when exercising his constitutional rights.

65.     As a direct and proximate result of the enforcement of the Picketing and
Demonstrations Ordinance and the Special Events Ordinance on September 29, 2019, and the
County's officers', agents', and employees' actions under color of state law, Plaintiff is uncertain
and unsure of his ability to exercise his constitutional rights.

66.     Plaintiff has been damaged by the deprivation of his rights guaranteed by the
United States Constitution.

67.     As interpreted and enforced by Defendants, the Policy and the Code prohibit
Plaintiff's manner of expressing his constitutional rights.

68.     Plaintiff is uncertain whether he will be arrested and incarcerated in the future
while attempting to exercise his constitutional rights within the County.

69.     The threat of future arrests and incarceration is both great and immediate.

70.     The future impingement of Plaintiff's rights is an absolute certainty unless and
until this Court grants the injunctive relief requested herein.

71.     Defendants have discouraged the exercise of Plaintiff's constitutional rights to the
point that Plaintiff fears arrest and incarceration while exercising his constitutional and civil
rights.

72.     Plaintiff wishes to continue exercising his constitutional rights, and has specific
and concrete intentions to continue engaging in the exercise of his constitutional rights, including
activities prohibited by the Picketing and Demonstrations Ordinance and the Special Events

12

Ordinance, as interpreted and enforced by Defendants, but he is fearful of being arrested and incarcerated for exercising his constitutional and civil rights.

73.     The violations of Plaintiff's constitutional rights alleged herein have caused, and will continue to cause, Plaintiff to suffer extreme hardship and actual and impending irreparable injury and damage.

74.     Plaintiff currently suffers from the denial of rights guaranteed by the United States Constitution because of Defendants' actions taken under color of law.

75.     There is a substantial likelihood that Plaintiff will prevail on the merits in this case because Defendants' enforcement of the Picketing and Demonstrations Ordinance and the Special Events Ordinance and Defendants' actions under color of state law constitute an abridgement of Plaintiff's constitutional rights.

76.     The harm to Plaintiff outweighs any subjective harm to Defendants.

77.     The public interest is benefited when constitutional and civil rights are protected by the Courts.

78.     Defendants acted without reasonable cause and without due care in causing the deprivation of Plaintiff's rights to the freedom of speech and the free exercise of religion protected under the United States Constitution.

79.     As a direct and proximate result of Defendants' actions and omissions under color of state law, Plaintiff suffered the loss of his freedom of speech and free exercise of religion protected under the United States Constitution.

80.     Defendants' actions and omissions were performed with malice, and/or oppression, and/or callous and/or deliberate indifference, and/or a conscious disregard of Plaintiff's rights to

the freedom of speech and the free exercise of religion protected under the United States Constitution.

81.     Defendants' enforcement of the Picketing and Demonstrations Ordinance and the Special Events Ordinance, and the County's customs and practices, enforced under color of state law, are the moving force behind the violation of Plaintiff's rights to the freedom of speech and the free exercise of religion protected under the United States Constitution.

82.     Defendants' enforcement of the Picketing and Demonstrations Ordinance and the Special Events Ordinance, and the County's customs and practices, enforced under color of state law, operate to unconstitutionally limit, ban, and censor Plaintiff's rights to the freedom of speech and the free exercise of religion protected under the United States Constitution.

83.     Defendant County had a duty at all times mentioned herein to implement and enforce policies and procedures to adequately supervise and adequately train its officials, agents, and employees so as to prevent the constitutional violations alleged herein.

84.     Defendant County failed to implement and enforce policies and procedures to adequately supervise and adequately train its officials, agents, and employees so as to prevent the constitutional violations alleged herein.

85.     Defendant County's actions and omissions regarding the failure to adequately train its officials, agents, and employees so as to prevent the constitutional violations alleged herein exhibit deliberate indifference toward Plaintiff's rights to the freedom of speech and the free exercise of religion protected under the United States Constitution.

86.     Plaintiff is entitled to recover reasonable attorneys' fees and costs from Defendants pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1988, Rule 54, and 28 U.S.C. § 1920.

87.     Plaintiff has satisfied all conditions precedent to bringing this action.

**AS AND FOR A FIRST CAUSE OF ACTION:**

**SECTION 1983 – UNCONSTITUTIONAL PICKETING AND DEMONSTRATIONS ORDINANCE AS WRITTEN AGAINST DEFENDANT COUNTY**

<u>**THE PICKETING AND DEMONSTRATIONS ORDINANCE AS WRITTEN VIOLATES THE FREEDOM OF SPEECH CLAUSE OF THE FIRST AMENDMENT TO THE UNITED STATES CONSTITUTION**</u>

88.     The averments of paragraphs 1-87 are repeated and alleged in full force and effect as if repeated in their entirety herein.

89.     The First Amendment to the United States Constitution, applied to the States through the Fourteenth Amendment, prohibits unconstitutionally abridging the freedom of speech.

90.     As written, the Picketing and Demonstrations Ordinance requires anyone engaging in any "activity protected by the U.S. Constitution" in the County to apply for a permit to do so.

91.     As written, the Picketing and Demonstrations Ordinance imposes a prior restraint on the exercise of any "activity protected by the U.S. Constitution."

92.     As written, the Picketing and Demonstrations Ordinance is vague.

93.     As written, the Picketing and Demonstrations Ordinance is overbroad.

94.     As written, the Picketing and Demonstrations Ordinance creates unconstitutional unbridled discretion.

95.     As written, the Picketing and Demonstrations Ordinance unconstitutionally compels Plaintiff to forfeit constitutional freedoms.

96.     As written, the Picketing and Demonstrations Ordinance places unconstitutional conditions and/or restrictions on the exercise of constitutional freedoms.

97.     As written, the Picketing and Demonstrations Ordinance provides no guidelines for the consideration of applications for a permit.

98.     As written, the Picketing and Demonstrations Ordinance unconstitutionally limits Plaintiff's freedom of speech by forcing Plaintiff to move out of a traditional public forum at any time he had not previously obtained a permit from the County.

99.     As applied, the Picketing and Demonstrations Ordinance unconstitutionally imposes a burden on Plaintiff's and other individuals' constitutional rights because it:

a.      allows for the exercise of unbridled discretion; and,

b.      lacks narrow tailoring, fails to serve any legitimate government purpose, and fails to leave open alternative avenues for expression; and,

c.      bars the free speech of Plaintiff and possibly other third-party citizens in a traditional public forum.

WHEREFORE, Plaintiff respectfully requests that this Court grant the relief requested hereinafter in the Prayer for Relief, and any further relief this Court deems is just under the circumstances.

## AS AND FOR A SECOND CAUSE OF ACTION:

### SECTION 1983 – UNCONSTITUTIONAL PICKETING AND DEMONSTRATIONS ORDINANCE AS WRITTEN AGAINST DEFENDANT COUNTY

### THE PICKETING AND DEMONSTRATIONS ORDINANCE AS WRITTEN VIOLATES THE FREE EXERCISE CLAUSE OF THE FIRST AMENDMENT TO THE UNITED STATES CONSTITUTION

100.    The averments of paragraphs 1-87 are repeated and alleged in full force and effect as if repeated in their entirety herein.

101.    The First Amendment to the United States Constitution, applied to the States through the Fourteenth Amendment, prohibits unconstitutionally abridging the Free Exercise of Religion.

102.    As written, the Picketing and Demonstrations Ordinance requires anyone engaging in any "activity protected by the U.S. Constitution" in the County to apply for a permit to do so.

103.    As written, the Picketing and Demonstrations Ordinance imposes a prior restraint on the exercise of any "activity protected by the U.S. Constitution."

104.    As written, the Picketing and Demonstrations Ordinance is vague.

105.    As written, the Picketing and Demonstrations Ordinance is overbroad.

106.    As written, the Picketing and Demonstrations Ordinance creates unconstitutional unbridled discretion.

107.    As written, the Picketing and Demonstrations Ordinance unconstitutionally compels Plaintiff to forfeit constitutional freedoms.

108.    As written, the Picketing and Demonstrations Ordinance places unconstitutional conditions and/or restrictions on the exercise of constitutional freedoms.

109.    As written, the Picketing and Demonstrations Ordinance provides no guidelines for the consideration of applications for a permit.

110.    As written, the Picketing and Demonstrations Ordinance unconstitutionally limits Plaintiff's free exercise of religion by forcing Plaintiff to move out of a traditional public forum at any time he had not previously obtained a permit from the County.

111.    As applied, the Picketing and Demonstrations Ordinance unconstitutionally imposes a burden on Plaintiff's and other individuals' constitutional rights because it:

a.      allows for the exercise of unbridled discretion; and,

b.      lacks narrow tailoring, fails to serve any legitimate government purpose, and fails

to leave open alternative avenues for expression; and,

112.    bars the free exercise of religion of Plaintiff and possibly other third-party citizens

in a traditional public forum.

## AS AND FOR A THIRD CAUSE OF ACTION:

## SECTION 1983 – UNCONSTITUTIONAL SPECIAL EVENTS ORDINANCE AS APPLIED AGAINST DOES 1 AND 2

## THE SPECIAL EVENTS ORDINANCE AND DEFENDANTS' ACTIONS VIOLATE THE FREE SPEECH CLAUSE OF THE FIRST AMENDMENT TO THE UNITED STATES CONSTITUTION

113.    The averments of paragraphs 1-87 are repeated and alleged in full force and effect

as if repeated in their entirety herein.

114.    The First Amendment to the United States Constitution, applied to the States

through the Fourteenth Amendment, prohibits unconstitutionally abridging the freedom of

speech.

115.    The Special Events Ordinance, as applied by Does 1 and 2, and Does 1 and 2's

actions, policies, and practices impede Plaintiff's right to Freedom of Speech because of

unlawful enforcement and by granting unfettered discretion to Does 1 and 2 and their officials,

agents, and employees to deny Plaintiff's right to Freedom of Speech and serves no rational,

substantial, or compelling government interest in the least restrictive means possible.

116.    The Special Events Ordinance, as applied by Does 1 and 2, and Does 1 and 2's

actions, policies, and practices impede Plaintiff's right to Freedom of Speech because of content-

based restrictions devoid of a compelling government interest.

18

117.    As interpreted and enforced by Does 1 and 2, the Special Events Ordinance prohibits Plaintiff's manner of Freedom of Speech.

118.    Does 1 and 2's actions were performed under color of state law in that they claimed to be performing an official duty, but their acts were outside the limits of lawful authority and abusive in manner, and they further acted in a way that misused their power and were able to do so only because of their position as County officials.

119.    Does 1 and 2's actions were done with malice or reckless indifference to Plaintiff's right to Freedom of Speech.

120.    Plaintiff sought, and continues to seek, to discuss issues, to distribute literature, to display signs, and to engage in speech on political, social, and religious topics.

121.    The Special Events Ordinance, as applied by Does 1 and 2, and Does 1 and 2's actions, policies, and practices, require Plaintiff to censor his speech.

122.    Plaintiff was deprived of his right under the First Amendment to engage in Freedom of Speech activities prohibited by the Special Events Ordinance, as interpreted and enforced by Does 1 and 2.

123.    Plaintiff has been, and continues to be, deprived of his right under the First Amendment to engage in Freedom of Speech.

124.    Plaintiff has suffered injuries and damages as a result of Does 1 and 2's deprivation of his rights, including but not limited to mental and emotional distress, impairment of reputation, personal humiliation, and other tangible and intangible harms that would not exist but for Does 1 and 2's actions, and these harms are reasonably certain to be experienced into the future.

WHEREFORE, Plaintiff respectfully requests that this Court grant the relief requested hereinafter in the Prayer for Relief, and any further relief this Court deems is just under the circumstances.

## AS AND FOR A FOURTH CAUSE OF ACTION:

## SECTION 1983 – UNCONSTITUTIONAL SPECIAL EVENTS ORDINANCE AS APPLIED AGAINST DOES 1 AND 2

## THE SPECIAL EVENTS ORDINANCE AND DOES 1 AND 2'S ACTIONS VIOLATE THE FREE EXERCISE CLAUSE OF THE FIRST AMENDMENT TO THE UNITED STATES CONSTITUTION

125.    The averments of paragraphs 1-87 are repeated and alleged in full force and effect as if repeated in their entirety herein.

126.    The First Amendment to the United States Constitution, applied to the States through the Fourteenth Amendment, prohibits unconstitutionally abridging the Free Exercise of Religion.

127.    Plaintiff has a personal belief in the Biblical mandate to spread the Gospel of Jesus Christ, and Plaintiff engages in activities for the purpose of spreading the Gospel of Jesus Christ that are prohibited by the Special Events Ordinance, as interpreted and enforced by Does 1 and 2.

128.    The Bible instructs believers to share the Gospel of Jesus Christ with others, and Plaintiff relies on the Bible to guide his words and actions.

129.    Does 1 and 2's actions, policies, and practices impede Plaintiff's right to Free Exercise of Religion because of unlawful enforcement and by exercising unfettered discretion to deny Plaintiff's right to Free Exercise of Religion and satisfies no rational, substantial, or compelling government interest in the least restrictive means possible.

20

130.    The Special Events Ordinance, as applied by Does 1 and 2, and Does 1 and 2's actions, policies, and practices impede Plaintiff's right to Free Exercise of Religion because of content-based restrictions devoid of a compelling government interest.

131.    As interpreted and enforced by Does 1 and 2, the Special Events Ordinance prohibits Plaintiff's manner of Free Exercise of Religion.

132.    Does 1 and 2's actions were performed under color of state law in that they claimed to be performing an official duty, but their acts were outside the limits of lawful authority and abusive in manner, and they further acted in a way that misused their power and were able to do so only because of their positions as County officials.

133.    Does 1 and 2's actions were done with malice or reckless indifference to Plaintiff's right to Free Exercise of Religion.

134.    Plaintiff sought, and continues to seek, to discuss issues from a religious perspective, to distribute religious literature, to display signs, and to engage in religious speech through sharing his faith.

135.    The Special Events Ordinance, as applied by Does 1 and 2, and Does 1 and 2's actions, policies, and practices, require Plaintiff to censor his religious speech and imposes a substantial burden on Plaintiff that is not imposed on other individuals.

136.    By forcing Plaintiff to choose between abandoning his religious beliefs in order to gain access to speech in the County's Public Spaces, and, alternatively, abiding by his religious beliefs only to be arrested, cited, or fined, Does 1 and 2 have imposed a substantial burden on Plaintiff's sincerely-held religious beliefs and his religious exercise.

137.    Plaintiff was deprived of his right under the First Amendment to the United States Constitution to engage in Free Exercise of Religion activities prohibited by the Special Events Ordinance, as interpreted and enforced by Does 1 and 2.

138.    Plaintiff has been, and continues to be, deprived of his right under the First Amendment to the United States Constitution to engage in Free Exercise of Religion activities.

139.    Plaintiff has suffered injuries and damages as a result of Does 1 and 2's deprivation of his rights, including but not limited to mental and emotional distress, impairment of reputation, personal humiliation, and other tangible and intangible harms that would not exist but for Does 1 and 2's actions, and these harms are reasonably certain to be experienced into the future.

WHEREFORE, Plaintiff respectfully requests that this Court grant the relief requested hereinafter in the Prayer for Relief and any further relief this Court deems is just under the circumstances.

### AS AND FOR A FIFTH CAUSE OF ACTION:

### SECTION 1983 – UNCONSTITUTIONAL PICKETING AND DEMONSTRATIONS ORDINANCE AS APPLIED AGAINST DOES 1 AND 2

### THE PICKETING AND DEMONSTRATIONS ORDINANCE AND DOES 1 AND 2'S ACTIONS VIOLATE THE FREE SPEECH CLAUSE OF THE FIRST AMENDMENT TO THE UNITED STATES CONSTITUTION

140.    The averments of paragraphs 1-87 are repeated and alleged in full force and effect as if repeated in their entirety herein.

141.    The First Amendment to the United States Constitution, applied to the States through the Fourteenth Amendment, prohibits unconstitutionally abridging the freedom of speech.

22

142.    The Picketing and Demonstrations Ordinance, as applied by Does 1 and 2, and Does 1 and 2's actions, policies, and practices impede Plaintiff's right to Freedom of Speech because of unlawful enforcement and by granting unfettered discretion to Does 1 and 2 and their officials, agents, and employees to deny Plaintiff's right to Freedom of Speech and serves no rational, substantial, or compelling government interest in the least restrictive means possible.

143.    The Picketing and Demonstrations Ordinance, as applied by Does 1 and 2, and Does 1 and 2's actions, policies, and practices impede Plaintiff's right to Freedom of Speech because of content-based restrictions devoid of a compelling government interest.

144.    As interpreted and enforced by Does 1 and 2, the Picketing and Demonstrations Ordinance prohibits Plaintiff's manner of Freedom of Speech.

145.    Does 1 and 2's actions were performed under color of state law in that they claimed to be performing an official duty, but their acts were outside the limits of lawful authority and abusive in manner, and they further acted in a way that misused their power and were able to do so only because of their position as County officials.

146.    Does 1 and 2's actions were done with malice or reckless indifference to Plaintiff's right to Freedom of Speech.

147.    Plaintiff sought, and continues to seek, to discuss issues, to distribute literature, to display signs, and to engage in speech on political, social, and religious topics.

148.    The Picketing and Demonstrations Ordinance, as applied by Does 1 and 2, and Does 1 and 2's actions, policies, and practices, require Plaintiff to censor his speech.

149.    Plaintiff was deprived of his right under the First Amendment to engage in Freedom of Speech activities prohibited by the Picketing and Demonstrations Ordinance, as interpreted and enforced by Does 1 and 2.

23

150.    Plaintiff has been, and continues to be, deprived of his right under the First Amendment to engage in Freedom of Speech.

151.    Plaintiff has suffered injuries and damages as a result of Does 1 and 2's deprivation of his rights, including but not limited to mental and emotional distress, impairment of reputation, personal humiliation, and other tangible and intangible harms that would not exist but for Does 1 and 2's actions, and these harms are reasonably certain to be experienced into the future.

WHEREFORE, Plaintiff respectfully requests that this Court grant the relief requested hereinafter in the Prayer for Relief and any further relief this Court deems is just under the circumstances.

## AS AND FOR A SIXTH CAUSE OF ACTION:

### SECTION 1983 – UNCONSTITUTIONAL PICKETING AND DEMONSTRATIONS ORDINANCE AS APPLIED AGAINST DOES 1 AND 2

### THE PICKETING AND DEMONSTRATIONS ORDINANCE AND DOES 1 AND 2'S ACTIONS VIOLATE THE FREE EXERCISE CLAUSE OF THE FIRST AMENDMENT TO THE UNITED STATES CONSTITUTION

152.    The averments of paragraphs 1-87 are repeated and alleged in full force and effect as if repeated in their entirety herein.

153.    The First Amendment to the United States Constitution, applied to the States through the Fourteenth Amendment, prohibits unconstitutionally abridging the Free Exercise of Religion.

154.    Plaintiff has a personal belief in the Biblical mandate to spread the Gospel of Jesus Christ, and Plaintiff engages in activities for the purpose of spreading the Gospel of Jesus

Christ that are prohibited by the Picketing and Demonstrations Ordinance, as interpreted and enforced by Does 1 and 2.

155.    The Bible instructs believers to share the Gospel of Jesus Christ with others, and Plaintiff relies on the Bible to guide his words and actions.

156.    Does 1 and 2's actions, policies, and practices impede Plaintiff's right to Free Exercise of Religion because of unlawful enforcement and by exercising unfettered discretion to deny Plaintiff's right to Free Exercise of Religion and satisfies no rational, substantial, or compelling government interest in the least restrictive means possible.

157.    The Picketing and Demonstrations Ordinance, as applied by Does 1 and 2, and Defendants' actions, policies, and practices impede Plaintiff's right to Free Exercise of Religion because of content-based restrictions devoid of a compelling government interest.

158.    As interpreted and enforced by Does 1 and 2, the Picketing and Demonstrations Ordinance prohibits Plaintiff's manner of Free Exercise of Religion.

159.    Does 1 and 2's actions were performed under color of state law in that they claimed to be performing an official duty, but their acts were outside the limits of lawful authority and abusive in manner, and they further acted in a way that misused their power and were able to do so only because of their positions as County officials.

160.    Does 1 and 2's actions were done with malice or reckless indifference to Plaintiff's right to Free Exercise of Religion.

161.    Plaintiff sought, and continues to seek, to discuss issues from a religious perspective, to distribute religious literature, to display signs, and to engage in religious speech through sharing his faith.

25

162.     The Picketing and Demonstrations Ordinance, as applied by Does 1 and 2, and Does 1 and 2's actions, policies, and practices, require Plaintiff to censor his religious speech and imposes a substantial burden on Plaintiff that is not imposed on other individuals.

163.     By forcing Plaintiff to choose between abandoning his religious beliefs in order to gain access to speech in the County's Public Spaces, and, alternatively, abiding by his religious beliefs only to be arrested, cited, or fined, Does 1 and 2 have imposed a substantial burden on Plaintiff's sincerely-held religious beliefs and his religious exercise.

164.     Plaintiff was deprived of his right under the First Amendment to the United States Constitution to engage in Free Exercise of Religion activities prohibited by the Picketing and Demonstrations Ordinance, as interpreted and enforced by Does 1 and 2.

165.     Plaintiff has been, and continues to be, deprived of his right under the First Amendment to the United States Constitution to engage in Free Exercise of Religion activities.

166.     Plaintiff has suffered injuries and damages as a result of Does 1 and 2's deprivation of his rights, including but not limited to mental and emotional distress, impairment of reputation, personal humiliation, and other tangible and intangible harms that would not exist but for Defendants' actions, and these harms are reasonably certain to be experienced into the future.

WHEREFORE, Plaintiff respectfully requests that this Court grant the relief requested hereinafter in the Prayer for Relief and any further relief this Court deems is just under the circumstances.

## **DEMAND FOR JURY TRIAL**

Plaintiff requests a trial by jury of all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for judgment as follows:

### AS TO COUNT I:

1.      That this Court assume jurisdiction of this matter; and,

2.      That this Court issue a preliminary and permanent injunction restraining and enjoining the County, and all persons acting in concert, or participating with the County, from enforcing the County's Picketing and Demonstrations Ordinance against Plaintiff; and,

3.      That this Court issue the requested injunctive relief without a condition of bond or other security; and,

4.      That this Court issue Declaratory Judgment under the Declaratory Judgment Act to determine the Plaintiff's and the County's rights and duties regarding enforcing the County's Picketing and Demonstrations Ordinance; and,

5.      That this Court enter a judgment and decree declaring that the County's Picketing and Demonstrations Ordinance is unconstitutional on its face; and,

6.      That this Court enter adjudge, decree, and declare the rights and other legal relations with the subject matter here in controversy, in order that such declaration shall have the force and effect of final judgment; and,

7.      That this Court grant Plaintiff an award of nominal damages against the County; and,

8.      That this Court retain jurisdiction of this matter for the purpose of enforcing any Orders; and,

9.      That this Court grant Plaintiff's costs and reasonable attorneys' fees pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1988, Rule 54, and 28 U.S.C. § 1920, or other applicable law; and,

10.      That this Court grant to Plaintiff such other and further relief as may be just and proper.

## AS TO COUNT II:

1.      That this Court assume jurisdiction of this matter; and,

2.      That this Court issue a preliminary and permanent injunction restraining and enjoining the County, and all persons acting in concert, or participating with the County, from enforcing the County's Picketing and Demonstrations Ordinance against Plaintiff; and,

3.      That this Court issue the requested injunctive relief without a condition of bond or other security; and,

4.      That this Court issue Declaratory Judgment under the Declaratory Judgment Act to determine the Plaintiff's and the County's rights and duties regarding enforcing the County's Picketing and Demonstrations Ordinance; and,

5.      That this Court enter a judgment and decree declaring the County's Picketing and Demonstrations Ordinance is unconstitutional on its face; and,

6.      That this Court enter adjudge, decree, and declare the rights and other legal relations with the subject matter here in controversy, in order that such declaration shall have the force and effect of final judgment; and,

7.      That this Court grant Plaintiff an award of nominal damages against the County; and,

8.      That this Court retain jurisdiction of this matter for the purpose of enforcing any Orders; and,

9.      That this Court grant Plaintiff's costs and reasonable attorneys' fees pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1988, Rule 54, and 28 U.S.C. § 1920, or other applicable law; and,

10.     That this Court grant to Plaintiff such other and further relief as may be just and proper.

**AS TO COUNT III:**

1.      That this Court assume jurisdiction of this matter; and,

2.      That this Court issue a preliminary and permanent injunction restraining and enjoining DOES 1 and 2, and all persons acting in concert or participating with DOES 1 and 2, from enforcing the County's Special Events Ordinance, in the manner it was enforced against Plaintiff on September 29, 2019; and,

3.      That this Court issue the requested injunctive relief without a condition of bond or other security; and,

4.      That this Court issue Declaratory Judgment under the Declaratory Judgment Act to determine the Plaintiff's and DOES 1 and 2's rights and duties regarding enforcing the County's Special Events Ordinance; and,

5.      That this Court enter a judgment and decree declaring DOES 1 and 2's enforcement, interpretation, and application of the County's Special Events Ordinance, in the manner it was enforced against Plaintiff on September 29, 2019, violated Plaintiff's right to the freedom of speech; and,

6.      That this Court adjudge, decree, and declare the rights and other legal relations with the subject matter here in controversy, in order that such declaration shall have the force and effect of final judgment; and,

7.      That this Court grant Plaintiff an award of nominal and/or compensatory and/or special and/or punitive damages against DOES 1 and 2; and,

8.      That this Court retain jurisdiction of this matter for the purpose of enforcing any Orders; and,

9.      That this Court grant Plaintiff's costs and reasonable attorneys' fees pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1988, Rule 54, and 28 U.S.C. § 1920, or other applicable law; and,

10.     That this Court grant to Plaintiff such other and further relief as may be just and proper.

**AS TO COUNT IV:**

1.      That this Court assume jurisdiction of this matter; and,

2.      That this Court issue a preliminary and permanent injunction restraining and enjoining DOES 1 and 2, and all persons acting in concert or participating with DOES 1 and 2, from enforcing the County's Special Events Ordinance, in the manner it was enforced against Plaintiff on September 29, 2019; and,

3.      That this Court issue the requested injunctive relief without a condition of bond or other security; and,

4.      That this Court issue Declaratory Judgment under the Declaratory Judgment Act to determine the Plaintiff's and DOES 1 and 2's rights and duties regarding enforcing the County's Special Events Ordinance; and,

30

5.      That this Court enter a judgment and decree declaring DOES 1 and 2's enforcement, interpretation, and application of the County's Special Events Ordinance, in the manner it was enforced against Plaintiff on September 29, 2019, violated Plaintiff's right to the free exercise of religion; and,

6.      That this Court adjudge, decree, and declare the rights and other legal relations with the subject matter here in controversy, in order that such declaration shall have the force and effect of final judgment; and,

7.      That this Court grant Plaintiff an award of nominal and/or compensatory and/or special and/or punitive damages against DOES 1 and 2; and,

8.      That this Court retain jurisdiction of this matter for the purpose of enforcing any Orders; and,

9.      That this Court grant Plaintiff's costs and reasonable attorneys' fees pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1988, Rule 54, and 28 U.S.C. § 1920, or other applicable law; and,

10.      That this Court grant to Plaintiff such other and further relief as may be just and proper.

## AS TO COUNT V:

1.      That this Court assume jurisdiction of this matter; and,

2.      That this Court issue a preliminary and permanent injunction restraining and enjoining DOES 1 and 2, and all persons acting in concert or participating with DOES 1 and 2, from enforcing the County's Picketing and Demonstrations Ordinance, in the manner it was enforced against Plaintiff on September 29, 2019; and,

3.  That this Court issue the requested injunctive relief without a condition of bond or other security; and,

4.  That this Court issue Declaratory Judgment under the Declaratory Judgment Act to determine the Plaintiff's and DOES 1 and 2's rights and duties regarding enforcing the County's Picketing and Demonstrations Ordinance; and,

5.  That this Court enter a judgment and decree declaring DOES 1 and 2's enforcement, interpretation, and application of the County's Picketing and Demonstrations Ordinance, in the manner it was enforced against Plaintiff on September 29, 2019, violated Plaintiff's right to the freedom of speech; and,

6.  That this Court adjudge, decree, and declare the rights and other legal relations with the subject matter here in controversy, in order that such declaration shall have the force and effect of final judgment; and,

7.  That this Court grant Plaintiff an award of nominal and/or compensatory and/or special and/or punitive damages against DOES 1 and 2; and,

8.  That this Court retain jurisdiction of this matter for the purpose of enforcing any Orders; and,

9.  That this Court grant Plaintiff's costs and reasonable attorneys' fees pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1988, Rule 54, and 28 U.S.C. § 1920, or other applicable law; and,

10.  That this Court grant to Plaintiff such other and further relief as may be just and proper.

## AS TO COUNT VI:

1.  That this Court assume jurisdiction of this matter; and,

2. That this Court issue a preliminary and permanent injunction restraining and enjoining DOES 1 and 2, and all persons acting in concert or participating with DOES 1 and 2, from enforcing the County's Picketing and Demonstrations Ordinance, in the manner it was enforced against Plaintiff on September 29, 2019; and,

3. That this Court issue the requested injunctive relief without a condition of bond or other security; and,

4. That this Court issue Declaratory Judgment under the Declaratory Judgment Act to determine the Plaintiff's and DOES 1 and 2's rights and duties regarding enforcing the County's Picketing and Demonstrations Ordinance; and,

5. That this Court enter a judgment and decree declaring DOES 1 and 2's enforcement, interpretation, and application of the County's Picketing and Demonstrations Ordinance, in the manner it was enforced against Plaintiff on September 29, 2019, violated Plaintiff's right to the free exercise of religion; and,

6. That this Court adjudge, decree, and declare the rights and other legal relations with the subject matter here in controversy, in order that such declaration shall have the force and effect of final judgment; and,

7. That this Court grant Plaintiff an award of nominal and/or compensatory and/or special and/or punitive damages against DOES 1 and 2; and,

8. That this Court retain jurisdiction of this matter for the purpose of enforcing any Orders; and,

9. That this Court grant Plaintiff's costs and reasonable attorneys' fees pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1988, Rule 54, and 28 U.S.C. § 1920, or other applicable law; and,

10. That this Court grant to Plaintiff such other and further relief as may be just and proper.

Respectfully submitted this 21st day of November, 2019.


/s/Terry L. Lloyd
TERRY L. LLOYD
GA Bar # 455349
10 Lumpkin Street
Lawrenceville, GA  30046
Tel:  770-962-0118
Fax:  770-963-3424
terrylloyd@bellsouth.net
Local Counsel for Plaintiff

Frederick H. Nelson
Florida Bar No.: 0990523
Lead Trial Counsel for Plaintiff
David J. Markese
Florida Bar No.: 0105041
Co-Counsel for Plaintiff
**AMERICAN LIBERTIES INSTITUTE**
P.O. Box 547503
Orlando, FL 32854-7503
Telephone: (407) 786-7007
Facsimile: (877) 786-3573
E-mail: rick@ali-usa.org
E-mail: dmarkese@ali-usa.org

## **VERIFICATION SUPPORTING COMPLAINT**

Pursuant to 28 U.S. Code § 1746, I verify under penalty of perjury that the foregoing

facts are true and correct.

Executed this 21 day of November, 2019, at _Athens_, Georgia.

Respectfully submitted,

ADAM BISHOP